14-2861
Hofman v. Schiavone

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand fifteen.

PRESENT:    ROBERT A. KATZMANN,
                         *Chief Judge*,
                    ROSEMARY S. POOLER,
                    DENNY CHIN,
                         *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PIA HOFMANN,
                         *Plaintiff-Appellant*,

                         v.                                                    14-2861-cv

SCHIAVONE CONTRACTING CORP., INTERNATIONAL
UNION OF OPERATING ENGINEERS LOCAL 14-14B,
                         *Defendants-Appellees*,

GEORGE A. STAMBOULIDIS, ESQ., Ethical Practice
Attorney for IUOE Local 14-14B, UNITED STATES OF
AMERICA,
                         *Intervenors-Appellees*,

SCHIAVONE CONSTRUCTION CO. LLC,
                         *Defendant-Cross Defendant-Appellee*,

JOHN HASSLER,

                *Defendant-Cross Claimant-Third Party Plaintiff-Appellee*,

SKANSKA USA CIVIL NORTHEAST, INC., J.F. SHEA CONSTRUCTION,

                *Third Party Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT PIA HOFMANN: | MICHAEL G. O'NEILL, Law Offices of Michael G. O'Neill, New York, New York. |
| FOR DEFENDANT-CROSS DEFENDANT-APPELLEE SCHIAVONE CONSTRUCTION CO. LLC: | MARC S. WENGER, Kimberly N. Dobson, Timothy J. Domanick, Jackson Lewis P.C., Melville, New York. |
| FOR DEFENDANT-APPELLEE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B: | JAMES M. STEINBERG, Brady, McGuire & Steinberg, P.C., Tarrytown, New York. |
| FOR INTERVENOR-APPELLEE GEORGE A. STAMBOULIDIS: | LAUREN J. RESNICK, Patrick T. Campbell, Denise D. Vasel, Baker & Hostetler LLP, New York, New York. |
| FOR INTERVENOR-APPELLEE UNITED STATES OF AMERICA: | RICHARD K. HAYES, Varuni Nelson, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York. |
| FOR DEFENDANT-CROSS CLAIMANT-THIRD PARTY PLAINTIFF-APPELLEE JOHN HASSLER: | JOSEPH H. GREEN, Law Office of Joseph H. Green, PLLC, Tarrytown, New York. |

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Pia Hofmann appeals from a judgment entered on July 16, 2014, by the United States District Court for Eastern District of New York (Johnson, *J.*), which granted defendants' motion for summary judgment and dismissed her claims in full, including her gender discrimination claim under New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(1)(a), and her hybrid § 301(a)/duty of fair representation claim under the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185(a).  The district court explained its reasoning in a memorandum and order filed the same day.  Previously, on January 31, 2013, following argument, the district court orally quashed a subpoena for documents that Hofmann had served on the Ethical Practice Attorney (the "EPA"), who had been appointed pursuant to a consent decree in other litigation.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

Hofmann is a female crane operator who is a member of defendant-appellee International Union of Operating Engineers Local 14-14B ("Local 14").  This case arises out of her allegations that Local 14, defendant-appellee John Hassler (her supervisor), and her employer instituted a shift to follow her shift on her crane, employed Hassler's son (John Hassler, Jr.) to work that later shift, and then removed Hofmann's shift one week later, laying her off.  Hofmann claims that she should have

been allowed to take Hassler, Jr.'s shift or the shift of an operator on a different crane with whom she had previously switched cranes. We address in turn Hofmann's arguments that the district court: (1) erred in granting summary judgment and (2) abused its discretion by quashing her subpoena.

**1.**     *Summary Judgment on NYCHRL and Hybrid Claims*

"We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We ask whether "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). On appeal, Hofmann argues that the district court erred in granting summary judgment on both her NYCHRL gender discrimination claim and her hybrid § 301/duty of fair representation claim. We disagree.

First, we generally analyze gender discrimination claims under the *McDonnell Douglas* burden-shifting framework. *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 216-17 (2d Cir. 2005). Under that framework, once the plaintiff demonstrates a *prima facie* case, the burden shifts to the defendant to provide a legitimate, non-

discriminatory reason for its actions. *See Demoret v. Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006). "[T]he final and ultimate burden is on the plaintiff to establish that the defendant's reason is in fact pretext for unlawful discrimination." *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 251 (2d Cir. 2014).

"It is unclear," however, "whether, and to what extent, the *McDonnell Douglas* burden-shifting analysis has been modified for NYCHRL claims." *Mihalik*, 715 F.3d at 110 n.8 (citing *Melman v. Montefiore Med. Ctr.*, 98 A.D.3d 107 (N.Y. App. Div. 1st Dep't 2012); *Bennett v. Health Mgmt. Sys., Inc.*, 92 A.D.3d 29 (N.Y. App. Div. 1st Dep't 2011)). But we need not resolve this issue, because under either the traditional *McDonnell Douglas* framework or an arguably modified framework articulated in *Melman* and *Bennett*, Hofmann's gender discrimination claim fails as a matter of law.

No evidence suggests that appellees' legitimate, non-discriminatory reason was pretextual or that appellees were motivated by gender animus. Appellees claimed that they no longer needed a crane operator for Hofmann's shift because changes in the workflow made a later shift better able to accommodate deliveries and coincide with certain construction operations. Hofmann's claim of pretext is little more than speculation that her employer, her union, and her supervisor collaborated to take a coordinated series of actions culminating in her layoff. Likewise, the only evidence of any gender animus consists of one sexually inflected dinner conversation between Hassler and Hoffman nearly a year before the layoff and Hassler's subsequent rudeness

to her after she rebuffed him. A reasonable jury could not find, on such meager evidence, that appellees took their actions against Hofmann because of her gender.

Second, to prevail on a hybrid § 301/duty of fair representation claim, "a plaintiff must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001). To find that the union breached its duty of fair representation, the plaintiff must show that the union's conduct is "arbitrary, discriminatory, or in bad faith," *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998), and that such conduct caused her injuries, *see Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998).

Hofmann contends that her employer and Local 14 breached their respective duties by denying her the opportunity either to operate her crane on a later shift or to switch cranes with another operator. A reasonable jury could not find that the employer breached, however, because the collective bargaining agreement does not even address crane rights. Likewise, as to Local 14, its bylaws only require:

> If a contractor brings in a second machine to work alongside of the first machine, doing similar work on the same contract, and then decides to lay off one machine, the first engineer on the job would have a claim on the job for twenty (20) consecutive working days. After twenty (20) consecutive working days, the engineer's claim is on the machine.

Suppl. J. App. at 237. This provision, Hofmann concedes, is "not strictly applicable," but she asserts nonetheless that Local 14 breached it or other unwritten rules. Appellant's Br. at 35. Local 14, however, interpreted the provision to mean that Hofmann only had a right to "[her] machine on [her] shift," not to a later shift or a different crane. Suppl. J. App. at 182-83. Hofmann presents no contrary evidence on summary judgment that this interpretation of an ambiguous bylaw was arbitrary, discriminatory, or in bad faith.

**2.**      *Motion to Quash Hofmann's Subpoena*

We review an order to quash a subpoena for abuse of discretion. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68 (2d Cir. 2003). Hofmann sought in subpoena Request 2 documents from the EPA appointed by the district court pursuant to a consent decree between the Department of Justice and Local 14 to investigate and eliminate corruption. The EPA and the United States intervened and moved to quash, asserting, *inter alia*, the attorney-client privilege, attorney work product, investigatory privilege, and special officer privilege as to 341 documents responsive to Request 2. The district court granted the motion.

In our Circuit, we have not adopted a blanket "investigatory" or "special officer" privilege for consent decree monitors. *See United States v. Bleznak*, 153 F.3d 16, 20 (2d Cir. 1998) (declining to address merits of investigatory or other privilege), *aff'g United States v. Alex. Brown & Sons, Inc.*, 963 F. Supp. 235, 242-43 (S.D.N.Y. 1997) (addressing investigatory privileges, including "special officer privilege" adopted in *In*

*re LTV Securities Litigation*, 89 F.R.D. 595 (N.D. Tex. 1981)).  We need not decide whether to do so here because the record before the district court was sufficient to support a finding that the documents sought in Request 2 were protected by the work product doctrine.  The documents responsive to Request 2 consisted of e-mails between the EPA and his counsel as well as his counsel's own investigative notes concerning Hofmann's complaint that she was laid off in violation of Local 14's bylaws.  The EPA was operating under continuous anticipation of litigation given his role under the consent decree.  Hofmann failed to demonstrate either a substantial need for the documents or that she could not, without undue hardship, obtain their substantial equivalent by other means, *see* Fed. R. Civ. P. 26(b)(3), as she could have obtained the documents or the information contained therein directly from other custodians, witnesses, or defendants.  In these circumstances, the district court did not abuse its discretion in granting the EPA's motion to quash.

We have reviewed Hofmann's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk